IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | CASE NO. 1:23-CR-31 (LAG) |
| : | |
| **JAKEEM RASHARD CARTER** : | |
| : | |
| **Defendant** : | |
| : | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on September 25, 2024, Defendant JAKEEM RASHARD CARTER (hereinafter "Carter" or "Defendant"), pled guilty to Counts One and Two of the Superseding Information charging him with Possession with Intent to Distribute Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); and Illegal Possession of a Machinegun, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2);

AND WHEREAS, the Superseding Information contained a detailed Forfeiture Notice, pursuant to which the United States sought forfeiture under Title 18, United States Code, Section 924(d)(1), in conjunction with Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense; and/or any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or

intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s), pursuant to Title 21, United States Code, Section 853;

AND WHEREAS, the foregoing property included, but was not limited to the following: one (1) Glock, Model: 19X, 9mm pistol, Serial Number: BVHY843, with an extended magazine attached containing approximately twenty-six (26) rounds of 9mm ammunition, and an attached Glock Conversion Device on the rear side plate; and one (1) Springfield, Model: Saint Victor, multi caliber rifle, Serial Number: ST386804, with a magazine attached containing approximately thirty (30) rounds of 5.56 caliber ammunition;

AND WHEREAS, as part of his Plea Agreement, the Defendant agreed to the forfeiture of the aforementioned property, and agreed to waive all interest and not file a claim to any of the property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, which may be or has been initiated;

AND WHEREAS, on March 31, 2025, the Bureau of Alcohol, Tobacco, Firearms & Explosives completed an administrative forfeiture on the following property, to wit: one (1) Glock, Model: 19X, 9mm pistol, Serial Number: BVHY843, with an extended magazine attached, and an attached Glock Conversion Device on the rear side plate;

AND WHEREAS, the United States having moved pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure for the entry of a Preliminary Order of Forfeiture, forfeiting the following remaining property, to wit: approximately twenty-six (26) rounds

2

of 9mm ammunition; and one (1) Springfield, Model: Saint Victor, multi caliber rifle, Serial Number: ST386804, with a magazine attached containing approximately thirty (30) rounds of 5.56 caliber ammunition (hereinafter referred to collectively as the "subject property");

AND WHEREAS, the Court has determined, based on the evidence already in the record, that (1) Defendant has an ownership interest in the subject property; (2) that the property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1), in conjunction with 28 U.S.C. § 2461(c) and 21 U.S.C. § 853; and (3) that the United States has established the requisite nexus between the aforesaid offense(s) and the subject property;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, 28 U.S.C. § 2461(c), 18 U.S.C. § 3554, and Rule 32.2(b), Federal Rules of Criminal Procedure, the Court finds by the preponderance of the evidence that the United States has demonstrated the required nexus between the subject property and the offense(s) of conviction and the subject property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with FED. R. CRIM. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the subject property, and to conduct any discovery that may assist in identifying, locating or disposing of the subject

property, and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

3. The United States shall publish notice of the Order and its intent to dispose of the subject property in such a manner as the United States Attorney General (or his designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

4. Any person, other than the above-named Defendant, asserting a legal interest in the subject property must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 924(d)(1).

5. **Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment**. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

6. Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury, and shall set forth the

4

nature and extent of the petitioner's right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n), incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 924(d)(1) for the filing of third-party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

SO ORDERED, this __16th__ day of __July__, 2025.

/s/ Leslie A. Gardner
LESLIE ABRAMS GARDNER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

PREPARED BY:

WILLIAM R. KEYES
UNITED STATES ATTORNEY

 /s/ Michael P. Morrill
MICHAEL PATRICK MORRILL
Assistant United States Attorney
Georgia Bar Number: 545410